# EXHIBIT G



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!*™

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

05/22/2015

Loan Number: 7141648944

Kathryn M Forrest
John B. Ennis
1200 Reservoir Avenue
Cranston RI 02920

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS #: 1852*

Loan Number: ●●●81030057          Servicing Number:   002252●●          Date: ●●●●●● 

CERTIFIED AS A TRUE AND EXACT COPY

**ADJUSTABLE RATE NOTE**
(LIBOR Index - Rate Caps)

BY: PAULA M. CUCULO, ESQ.



THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

106  HIGH STREET,  BRISTOL, RI 02809-2122
[Property Address]

1.    **BORROWER'S PROMISE TO PAY**
         In return for a loan that I have received, I promise to pay U.S.         $512,000.00         (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
         Option One Mortgage Corporation, a California Corporation
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2.    **INTEREST**
         Interest will be charged on unpaid principal until the full amount of principal has been paid.  Interest will be calculated on the basis of a 12-month year and a 30-day month. I will pay interest at a yearly rate of      8.990%      . The interest rate I will pay may change in accordance with Section 4 of this Note.
         The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

3.    **PAYMENTS**
         (A) Time and Place of Payments
         I will pay principal and interest by making payments every month.
         I will make my monthly payments on the first day of each month beginning on  January 01    , 2007    .
I will make these payments every month, in addition to a final Balloon Payment payable at Maturity as referenced in the attached Balloon Note Addendum, until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on,
December 01    , 2036    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
         I will make my monthly payments at      Option One Mortgage Corporation
                                        P.O. BOX 92103 LOS ANGELES, CA 90009-2103
or at a different place if required by the Note Holder.
         (B) Amount of My Initial Monthly Payments
         Each of my initial monthly payments will be in the amount of U.S.      $3,945.43      . This amount may change.
         (C) Monthly Payment Changes
         Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.
         (D) Application of Payments
         Payments received by the Note Holder will be applied in the following order: (i) prepayment charges due under this Note; (ii) amounts payable under paragraph 2 of the Security Instrument (defined below); (iii) interest due under this Note; (iv) principal due under this Note; and (v) late charges due under this Note.

4.    **INTEREST RATE AND MONTHLY PAYMENT CHANGES**
         (A) Change Dates
         The interest rate I will pay may change on the first day of      December 01               , 2008      ,
and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."
         (B) The Index
         Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."
         If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL**

RHODE ISLAND ADJUSTABLE RATE BALLOON NOTE-LIBOR INDEX - Single Family
Page 1 of 3                                                                                                RINT051.wp (06-30-05)

Loan Number: ██81030057          Servicing Number:   0022527██          Date:   11/03/06

**(C) Calculation of Changes**
Before each Change Date, the Note Holder will calculate my new interest rate by adding
FIVE AND 60/100                                              percentage point(s) ( 5.600%      )
to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth of one percentage
point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next
Change Date.
The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid
principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal
payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**
The interest rate I am required to pay at the first Change Date will not be greater than     11.990%       or less than
8.990%         . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one
percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate
be greater than    14.990%        or less than     8.990%          .

**(E) Effective Date of Changes**
My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment
beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**
The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly
payment before the effective date of any change. The notice will include information required by law to be given me and also the
title and telephone number of a person who will answer any question I may have regarding the notice.

**5.    BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of principal at any time before they are due, together with accrued interest. A payment
of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing
so.
If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder
agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change
Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate
increase.

If within     12 Months               from the date of execution of the Security Instrument I make a full prepayment
or a partial prepayment, I will at the same time pay to the Note Holder a prepayment charge if authorized by state law. The
prepayment charge will be equal to two percent (2%) of the balance due at date of such pay-off. In no event will such a charge be
made if it violates state or federal law.

**6.    LOAN CHARGES**
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other
loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall
be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which
exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe
under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial
prepayment.

**7.    BORROWER'S FAILURE TO PAY AS REQUIRED**
**(A) Late Charges for Overdue Payments**
If the Note Holder has not received the full amount of any monthly payment by the end of     15      calendar days
after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     6.000%
of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.
**(B) Default**
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the
Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe
on that amount, together with any other charges that I owe under this Note or the Security Instrument, except as otherwise required
by applicable law.
**(C) No Waiver by Note Holder**
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above,
the Note Holder will still have the right to do so if I am in default at a later time.
**(D) Payment of Note Holder's Costs and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to
be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, whether
or not a lawsuit is filed. Those expenses include, for example, reasonable attorneys' fees.

**8.    GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by
delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note
Holder a notice of my different address.
Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note
Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

Page 2 of 3                                                                                                          RINT051.wp (06-30-05)

Loan Number: ●●81030057   Servicing Number:   002252●●●   Date:   11/03/06

9.   **OBLIGATIONS OF PERSONS UNDER THIS NOTE**
    If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10.   **WAIVERS**
    I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11.   **SECURED NOTE**
    In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

    **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

    To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

    If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Kathryn M. Forrest_ _____ (Seal)   _____ (Seal)
KATHRYN M FORREST             -Borrower                          -Borrower

_Paula M. Cuculo_ _____ (Seal)   _____ (Seal)
Witness                       -Borrower                          -Borrower

_____ (Seal)   _____ (Seal)
                    -Borrower                          -Borrower

[Sign Original Only]

Page 3 of 3

RINT051.wp (06-30-05)

 

Loan Number:  381030057       Servicing Number:  002252340-1       Date:  11/03/06

# BALLOON NOTE ADDENDUM

This is a BALLOON LOAN. The term of the loan is 40/30 years. This means that while your monthly payment amount is amortized in accordance with a 40 year loan term, the loan is payable in full in THIRTY (30) years from the date the loan is made. As a result, you will be required to repay the entire remaining principal balance, together with accrued interest, late charges, if any, and all advancements made by the lender under the terms of this loan in THIRTY (30) years from the date on which the loan is made.

The lender has no obligation to refinance this loan at the end of its term. Therefore, you may be required to repay the loan out of other assets you may own, or you may have to find another lender willing to refinance the loan.

Assuming this lender or another lender refinances this loan at maturity, you will probably be charged interest at market rates prevailing at that time which may be considerably higher or lower than the interest rate paid on this loan. You may also have to pay some or all of the closing costs normally associated with the new mortgage loan even if you obtain refinancing from the same lender.

_Kathryn M. Forrest_
Borrower   KATHRYN M FORREST

Borrower

Borrower

Borrower

Borrower

Borrower

MULTISTATE BALLOON NOTE ADDENDUM
Page 1 of 1

USD5641.wp (05-19-05)

# Document Separator

REALM
BATCH
CLASS

# Document Separator

REALM
BATCH
CLASS

# Copy Request



**WELLS FARGO**

**Date to Vault:**
7/26/2011

**Date Faxed:**
# of Pages

| | |
|---|---|
| **From:** Kate Gunderson | **To:** Ben Singsavathdy |
| Wells Fargo Document Custody | **Company:** American Home Mortgage Se |
| **Phone:** 612-466-6361 | **Fax:** |
| **Fax:** 612-466-6367 | **Other:** SHAM4 |
| **Site** KASOTA | |

**Due Date:**

| 7/28/2011 |
|---|

**VAULT:** | Kasota |

**CUSTOMER:** | OPT1-OOMLTDEALS |

**Pool Type:** | PRIV |

**Pool Number:** | 2007-2 | (5)

**Loan Number:** | 381030057 |

**Alt Loan Number:**

**Borrower:** | FORREST |

**Doc. Requested1:** | NOTE w/ENDORSEMENT |

**Doc. Requested2:** | ALLONGE |

**Doc. Requested3:** | |

**Doc. Requested4:** | |

Vault Processor_____
Number of Items_____
Number of pages_____

Inquiry ID:  28139
Inquiry Sub ID:  24524

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error or wish to discontinue receiving faxes, please notify us immediately by telephone at the number listed above. Thank you.

5

*Page 3 of 4*

Report created  7/26/2011 1:38:18 PM

Loan Number:  381038057     Servicing Number: 002252340-1     Date: 11/03/06

## ADJUSTABLE RATE NOTE
(LIBOR Index - Rate Caps)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

106  HIGH STREET,  BRISTOL,  RI 02809-2122
[Property Address]

1.     BORROWER'S PROMISE TO PAY
       In return for a loan that I have received, I promise to pay U.S.     $512,000.00          (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
              Option One Mortgage Corporation, a California Corporation          .
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2.     INTEREST
       Interest will be charged on unpaid principal until the full amount of principal has been paid.  Interest will be calculated on the basis of a 12-month year and a 30-day month. I will pay interest at a yearly rate of     8.990%     . The interest rate I will pay may change in accordance with Section 4 of this Note.
       The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

3.     PAYMENTS
       (A) Time and Place of Payments
       I will pay principal and interest by making payments every month.
       I will make my monthly payments on the first day of each month beginning on   January 01          ,  2007     . I will make these payments every month, in addition to a final Balloon Payment payable at Maturity as referenced in the attached Balloon Note Addendum, until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on,
   December 01          ,  2036     , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
       I will make my monthly payments at     Option One Mortgage Corporation
              P.O. BOX 92103 LOS ANGELES, CA 90009-2103
or at a different place if required by the Note Holder.
       (B) Amount of My Initial Monthly Payments
       Each of my initial monthly payments will be in the amount of U.S.     $3,945.43     . This amount may change.
       (C) Monthly Payment Changes
       Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.
       (D) Application of Payments
       Payments received by the Note Holder will be applied in the following order: (i) prepayment charges due under this Note; (ii) amounts payable under paragraph 2 of the Security Instrument (defined below); (iii) interest due under this Note; (iv) principal due under this Note; and (v) late charges due under this Note.

4.     INTEREST RATE AND MONTHLY PAYMENT CHANGES
       (A) Change Dates
       The interest rate I will pay may change on the first day of   December 01          ,  2008     , and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."
       (B) The Index
       Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."
       If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.



RHODE ISLAND ADJUSTABLE RATE BALLOON NOTE-LIBOR INDEX - Single Family
Page 1 of 3                                                                                  RINT051.wp (06-30-05)

Loan Number:   381030057       Servicing Number:   002252340-1       Date:   11/03/06

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding FIVE AND 60/100                                        percentage point(s) ( 5.600%        ) to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than   11.990%      or less than 8.990%      . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than   14.990%      or less than   8.990%      .

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

5.     BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due, together with accrued interest. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

If within   12 Months         from the date of execution of the Security Instrument I make a full prepayment or a partial prepayment, I will at the same time pay to the Note Holder a prepayment charge if authorized by state law. The prepayment charge will be equal to two percent (2%) of the balance due at date of such pay-off. In no event will such a charge be made if it violates state or federal law.

6.     LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

7.     BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of   15      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   6.000%      of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount, together with any other charges that I owe under this Note or the Security Instrument, except as otherwise required by applicable law.

(C) No Waiver by Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, whether or not a lawsuit is filed. Those expenses include, for example, reasonable attorneys' fees.

8.     GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

RINT051.wp (06-30-05)

Loan Number:   381030057        Servicing Number:   002252340-1        Date:   11/03/06

9.      OBLIGATIONS OF PERSONS UNDER THIS NOTE
        If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10.     WAIVERS
        I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11.     SECURED NOTE
        In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

        Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.
        To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.
        If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Kathryn M. Forrest_ _____ (Seal)        _____ (Seal)
KATHRYN M FORREST                      -Borrower                                         -Borrower

_Paula M. Cuculo_ _____ (Seal)           _____ (Seal)
Witness                               -Borrower                                         -Borrower

_____ (Seal)             _____ (Seal)
                                      -Borrower                                         -Borrower

                                                                          [Sign Original Only]

Loan Number:  381030057        Servicing Number:  002252340-1        Date:  11/03/06

# BALLOON NOTE ADDENDUM

This is a BALLOON LOAN. The term of the loan is 40/30 years. This means that while your monthly payment amount is amortized in accordance with a 40 year loan term, the loan is payable in full in THIRTY (30) years from the date the loan is made. As a result, you will be required to repay the entire remaining principal balance, together with accrued interest, late charges, if any, and all advancements made by the lender under the terms of this loan in THIRTY (30) years from the date on which the loan is made.

The lender has no obligation to refinance this loan at the end of its term. Therefore, you may be required to repay the loan out of other assets you may own, or you may have to find another lender willing to refinance the loan.

Assuming this lender or another lender refinances this loan at maturity, you will probably be charged interest at market rates prevailing at that time which may be considerably higher or lower than the interest rate paid on this loan. You may also have to pay some or all of the closing costs normally associated with the new mortgage loan even if you obtain refinancing from the same lender.

_Kathryn M. Forrest_
Borrower   KATHRYN M FORREST                        Borrower


Borrower                                             Borrower


Borrower                                             Borrower


MULTISTATE BALLOON NOTE ADDENDUM
Page 1 of 1                                          USD5641.wp (05-19-05)

Loan Number: 381030057          Servicing Number: 002252340-1          Date: 11/03/06

# ALLONGE TO NOTE
## (INVESTOR)

This allonge makes reference to the following Note:

Borrowers:  KATHRYN M FORREST
Loan #: 381030057
Property Address: 106  HIGH STREET,   BRISTOL, RI 02809-2122
Loan Amount: $512,000.00

Note Date:  11/03/06

Therefore, in reference to the captioned note, the following applies:

Pay to the order of:

Without Recourse

Option One Mortgage Corporation
A California Corporation

By: _____
      Jennifer McGrady
    Assistant Secretary

Page 1 of 1                                                    USD3050.wp (03-14-03)